Everett L. ALMON, Plaintiff-Appellant,

v.

Thomas Harold SANDLIN, H. F. Sandlin, and Carl D. NeSmith, Defendants-Appellees.

No. 79–1256

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 26, 1979.

*Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**504**

Everett L. Almon, Hanceville, Ala., pro se.

Paul E. Johnson, Asst. Atty. Gen., Charles A. Graddick, Atty. Gen., Montgomery, Ala., for NeSmith.

Michael R. O'Donnell, Birmingham, Ala., for Sandlin.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Everett L. Almon filed a pro se complaint, predicated upon 42 U.S.C. §§ 1983, 1985, and 1986, against four private citizens and three persons who were governmental officials of either the State of Alabama or of Blount County, Alabama, alleging that the defendants had conspired to deprive him without due process of law of property for which he had purchased a quitclaim tax deed from the State of Alabama and to deny him the equal protection of the laws. The district court dismissed Almon's complaint against all the defendants pursuant to Fed.R.Civ.Proc. 12(b)(6) for failure to state a claim on which relief could be granted. We affirm.

On February 18, 1976, Almon paid $557 to the State of Alabama for a quitclaim tax

deed for a forty acre tract of land located in Blount County, Alabama. This land had been owned by Thomas A. Sandlin and H. F. Sandlin, who were then in possession of the tract. In June, 1976, Almon initiated an ejectment action against the Sandlins, who filed a counterclaim to quiet title in their possession. In September, 1976, the tax collector of Blount County certified by affidavit that the 1921 tax sale by which the State had obtained title to the property was erroneous. The State Land Commissioner approved the cancellation of the 1921 tax sale and authorized the probate judge to cancel the sale on the records, which he did on March 2, 1977. These actions were all done in accordance with the procedure established by Ala.Code tit. 51, § 338(1) (1940) for voiding an erroneous tax deed.

Based upon these facts, the Alabama Circuit Judge who tried Almon's ejectment action, Carl NeSmith, granted summary judgment to the Sandlins. On appeal the Supreme Court of Alabama affirmed, ruling that the erroneous tax sale did not convey legal title to the state and the quitclaim deed purchased by Almon gave him only such title to the land as the state itself had. *Almon v. Sandlin*, 353 So.2d 1159 (Ala.1977). Almon then initiated this pro se action in the federal district court alleging that the Sandlins (landowners), A. Dozier Williams and Bruce A. Buttram (attorneys for landowners), C. W. Hudson (Tax Collector of Blount County), Charles A. Boswell (State Land Commissioner) and Carl D. NeSmith (judge of the Circuit Court of Blount County, Alabama) had joined together in a conspiracy to deprive him of this property without due process of law by following the procedures of an unconstitutional statute, Ala.Code tit. 51, § 338(1) (1940). Almon sought a declaratory judgment that section 338(1) was unconstitutional and demanded $100,000 as compensatory damages and $1 million as punitive damages. Jurisdiction was predicated upon 28 U.S.C. §§ 1331 and 1343 based upon a cause of action alleged under 42 U.S.C. §§ 1983, 1985, and 1986. On November 20, 1978, the district court dismissed the action as to the landowners' attorneys, the tax collector, and the state land commissioner, the only defendants then served with process. The court ruled that Almon had failed to state a claim against these defendants upon which relief could be granted and, in the alternative, that Almon's action constituted nothing more than an attempt to appeal a final ruling of the Circuit Court of Blount County and the Supreme Court of Alabama. After Almon subsequently perfected service of process upon the Sandlins and Judge NeSmith, the district court on December 21, 1978, granted the motions of these three defendants to dismiss for failure to state a cause of action. Almon noticed the present appeal from this second order only.

In their motion to dismiss, the defendant landowners asserted that the attack on the constitutionality of the Alabama statute could not be maintained because of Almon's failure to serve the Alabama Attorney General, that the basic allegation of "conspiracy" was conclusory and insufficient, and that the action was in reality a collateral attack on the prior state court decisions.

■ The dismissal by the district court of the defendants Sandlin and Judge NeSmith must be affirmed for numerous reasons. Almon has not alleged that Judge NeSmith acted except as a judge of the State of Alabama. Unless he acts "in the 'clear absence of all jurisdiction,'" a judge has absolute immunity from damages liability. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Crowe v. Lucas*, 595 F.2d 985, 989 (5th Cir. 1979); *Slavin v. Curry*, 574 F.2d 1256, 1263–64, *modified*, 583 F.2d 779 (5th Cir. 1978). Insofar as Almon predicated his action upon 42 U.S.C. §§ 1985 and 1986, he failed to state a claim upon which relief could be granted because he did not allege that the conspirators were motivated by any racial, or otherwise class-based, invidiously discriminatory intent. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). *Crowe v. Lucas*, 595 F.2d 985, 990 (5th Cir. 1979); *Slavin v. Curry*, 574 F.2d 1256, 1261–62, *modified*, 583 F.2d 779 (5th Cir. 1978); *McLellan v. Missis-*

*sippi Power & Light Co.*, 545 F.2d 919, 928–29 (5th Cir. 1977). Although Almon has styled his complaint in the form of a civil rights action seeking monetary damages for alleged constitutional violations, this action is patently an attempt to collaterally attack the validity of the final judgment of the Supreme Court of Alabama. The record before us on this appeal does not clearly indicate whether Almon asserted that Ala.Code tit. 51, § 338(1) (1940) was unconstitutional in his proceedings in the Alabama State Courts. If he did assert that unconstitutionality, this court lacks the authority to review the final judgment of the Alabama Supreme Court and his proper remedy for an unfavorable decision was to seek review by writ of certiorari to the Supreme Court of the United States, not by collaterally attacking the judgment in a federal district court under § 1983. *Sawyer v. Overton*, 595 F.2d 252 (5th Cir. 1979). If Almon did not assert the unconstitutionality of the statute in the state court proceedings, then the district court properly dismissed his complaint either on the ground that Almon waived his unconstitutionality claim by failing to raise it in the state court proceeding which determined the validity of his claim to the tract of land, or under the doctrine of abstention to allow the courts of Alabama to construe authoritatively their tax sale statutes. *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959).

AFFIRMED.