Henry **KEARSON**, Plaintiff-Appellant,

v.

**SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, a Georgia Corp., and American Telephone and Telegraph Company, a Georgia corporation, Defendants-Appellees.**

No. 85–5018.
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 12, 1985.

Rehearing and Rehearing En Banc Denied July 17, 1985.

Henry A. Edgar, Jr., Miami, Fla., for plaintiff-appellant.

M. Therese Vento, Shutts & Bowen, Miami, Fla., for defendants-appellees.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Henry Kearson brought this suit pursuant to 42 U.S.C. §§ 1983, 1985 alleging that defendants Southern Bell Telephone & Telegraph Co. (Southern Bell) and American Telephone and Telegraph Co. (AT & T) refused him residential telephone service after disconnection for nonpayment unless he paid an "excessive deposit." The district court dismissed his complaint for failure to state a claim upon which relief could be granted. We affirm.

To state an actionable constitutional claim under section 1983, Kearson must establish (1) that Southern Bell's termination of his telephone service constituted "state action," and (2) that continued telephone service is a property interest protected by the Constitution. *See Jackson v.*

*Metropolitan Edison Co.,* 419 U.S. 345, 347–48, 348 n. 2, 95 S.Ct. 449, 451–52, 452 n. 2, 42 L.Ed.2d 477 (1974). The district court held he had failed in both respects. We need only address here the first prong, the state action requirement.

In *Jackson v. Metropolitan Edison Co.,* the Supreme Court held that state regulation of a privately-owned utility company was not sufficient to make the utility a state actor for purposes of section 1983, even though the utility held a monopoly in providing electrical service to the area. 419 U.S. at 358–59, 95 S.Ct. at 457. Kearson offers nothing to distinguish Southern Bell, a privately-owned telephone company, from the utility in *Jackson.* Rather, he argues that *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), decided four years later, in effect overruled *Jackson.* In *Memphis Light,* however, the utility involved was a "division of the city of Memphis," 436 U.S. at 3, 98 S.Ct. at 1557, clearly satisfying the state action requirement and entitling the plaintiff to due process protection prior to termination of her utility service. There is no indication in *Memphis Light,* or in any other case cited by Kearson, that *Jackson* no longer controls a case involving a privately-owned utility with regard to the state action requirement.

Since *Memphis Light,* another circuit has ruled directly contrary to Kearson's argument. In *Occhino v. Northwestern Bell Telephone Co.,* 675 F.2d 220 (8th Cir.), *cert. denied,* 457 U.S. 1139, 102 S.Ct. 2971, 73 L.Ed.2d 1358 (1982), the plaintiff claimed the defendant telephone company had committed constitutional violations by terminating his service without notice and a hearing after he allegedly had placed abusive and profane calls to a local newspaper. The Eighth Circuit affirmed the dismissal of his section 1983 claim, relying on *Jackson* to find that the privately-owned telephone company was not a state actor. 675 F.2d at 225.

█ Following *Jackson* and *Occhino,* we hold that there is no state action involved when a privately-owned telephone company

terminates service to a customer for non-payment of bills. Kearson therefore fails to state a cause of action under 42 U.S.C. § 1983 for deprivation of constitutional rights.

Kearson's claim under 42 U.S.C. § 1985, which provides remedies for conspiracies to interfere with certain civil rights, must likewise fail. Without specifying which subsection of section 1985 was violated by defendants' conduct, Kearson's complaint generally alleges that defendants willfully, knowingly and purposefully acted in concert and through an employee to deprive Kearson of his right to continuous residential telephone service. In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984). Moreover, to state a claim of conspiracy under section 1985 one must allege that "the conspirators were motivated by ... racial, or otherwise class-based, invidiously discriminatory intent." *Almon v. Sandlin*, 603 F.2d 503, 505 (5th Cir. 1979). Kearson's complaint alleges a conspiracy motivated by an intent to deprive him of his right to continuous telephone service, but it does so in a conclusory manner. Although Kearson alleges he is black, there is no fact set forth to suggest that the alleged intent was a product of racial or otherwise class-based animus. The district court properly dismissed Kearson's section 1985 claim.

Kearson asserts that the district court should not have dismissed the complaint because it alleged state law tort claims cognizable in diversity. A review of the complaint shows that it makes no mention of any state law claim, nor does the record reveal any attempt by Kearson to amend his complaint to include such claims when confronted in district court by defendants' motion to dismiss. The district court cannot be faulted for failing to consider claims that were never presented to it.

AFFIRMED.