818 F.Supp. 1534 (1993)
Gabriel SCHLOSSER, Plaintiff,
v.
Pamela COLEMAN, et al., Defendants.
No. 90-1406-CIV-T-17B.
United States District Court, M.D. Florida, Tampa Division.
April 20, 1993.
*1535 Gabriel Schlosser, Sarasota, FL, pro se.
Stephanie A. Daniel, Tallahassee, FL, for defendants.

ORDER
KOVACHEVICH, District Judge.
Plaintiff, a former prisoner, commenced this pro se action pursuant to 42 U.S.C. § 1983 on November 8, 1990. On October 21, 1992, the Court ordered Plaintiff to complete and return summons and 285 forms within 20 days. On November 21, 1991, the Court dismissed this case for Plaintiff's failure to complete and return summons and 285 forms within the time allotted.
On December 1, 1992, Plaintiff filed a motion for reinstatement of the case for excusable neglect. On January 7, 1992, the Court stayed ruling on Plaintiff's motion pursuant to Plaintiff's completing summons and 285 forms. The Court stated, "If Plaintiff returns completed summons and 285 forms within 30 days of the date of this order, the Court will grant Plaintiff's motion for reinstatement of the case for excusable neglect and will direct the Clerk to reopen the case."
After the Court granted several motions for extension of time to complete summons and 285 forms, Plaintiff returned the completed forms and the Court ordered the Marshal to serve Defendants on April 29, 1992. Return of service was executed by James Parker and Michael O'Brien. However, service was returned unexecuted as to Pamela Coleman on May 13, 1992.
On May 26, 1992, Defendants Parker and O'Brien filed a motion to dismiss Plaintiff's amended complaint, although the Court had no record of an amended complaint having been filed. The Court ordered Plaintiff to respond to Defendants' motion to dismiss on June 18, 1992.
On July 1, 1992, Plaintiff filed a motion for extension of time to respond to the motion to dismiss. Plaintiff stated that he had been released from prison on June 23, 1992. On July 22, 1992, the Court granted Plaintiff's motion for reinstatement of this case for excusable neglect and granted Plaintiff's motion for an extension of time to respond to Defendants' motion to dismiss. On August 6, 1992, the Court ordered Plaintiff to complete and return a new Affidavit of Indigency. On August 25, 1992, Plaintiff filed a motion to have service of process reattempted on Defendant Coleman and a motion to proceed in forma pauperis. On September 3, 1992, Plaintiff filed a motion to amend the complaint and a memorandum in opposition to the motion to dismiss.
*1536 On September 25, 1992, the Court granted Plaintiff's motion to file an amended complaint but denied Plaintiff's motion to proceed in forma pauperis. The court ordered Plaintiff to pay the $120.00 filing fee.[1] The court also denied Plaintiff's motion to have service of process reattempted on Defendant Coleman because Plaintiff was no longer indigent, and was, therefore, responsible for service.
Plaintiff filed his amended complaint on October 14, 1992. On December 11, 1992, Defendants Parker and O'Brien filed a motion to dismiss Plaintiff's amended complaint. On February 2, 1993, the Court ordered Plaintiff to file his response to Defendants' motion to dismiss the amended complaint. Plaintiff filed his response on March 19, 1993.
Pamela Coleman has not been served. Therefore, the complaint will be dismissed, without prejudice, as to this Defendant, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure.

PLAINTIFF'S ALLEGATIONS
In this action pursuant to 42 U.S.C. § 1983 Plaintiff sues suing Pamela Coleman, Plaintiff's probation officer; Michael O'Brien, an assistant state attorney; and the Honorable James Parker, formerly a circuit court judge in the Twelfth Judicial Circuit of Florida and now a judge on the Second District Court of Appeals of Florida. Plaintiff alleges that the Defendants violated his rights as guaranteed under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that the Defendants denied him substantive and procedural due process; imposed cruel and unusual punishment; imposed excessive bail; and maliciously prosecuted him for violation of his probation because a false warrant was issued without probable cause.
According to Plaintiff, Ms. Coleman issued a warrant for his arrest for the "technical violation for the nonpayment of monthly supervision fees of $40.00 per month." Plaintiff claims that the probable cause affidavit for this warrant was false because the Florida Department of Corrections records, which Ms. Coleman allegedly did not check before signing the affidavit, stated that all of Plaintiff's monthly supervision payments had been paid. The warrant was further flawed, according to Plaintiff, because Ms. Coleman based the issuance of the warrant on Plaintiff's failure to pay restitution according to the terms of a plea agreement. Plaintiff asserts that Ms. Coleman knew that he was financially unable to pay his restitution and that the plea agreement allowed him to forego his restitution payments.
Plaintiff further alleges that Defendant O'Brien conspired with Ms. Coleman to violate his probation when Defendant O'Brien approved the arrest warrant knowing that the information in the warrant was false and untrue. Plaintiff states that Defendant O'Brien acted as an "advisor" to Ms. Coleman when Defendant O'Brien allowed her allegedly false statements to be used as probable cause for the arrest warrant.
Plaintiff adds Defendant Parker to this alleged conspiracy by asserting that Defendant Parker conspired with the other Defendants to keep Plaintiff in jail without probable cause and that Defendant Parker denied Plaintiff a bail hearing. Plaintiff argues that Defendant Parker knew the warrant was false since the judge had accepted the plea agreement in question. Plaintiff asserts that Defendant Parker's sole reason for approving the warrant was to "teach him a lesson."
At some point, Plaintiff's probation was reinstated. Shortly thereafter, in September, 1988, Plaintiff was arrested on what this Court assumes to be a different warrant from the one previously discussed. According to Plaintiff, Defendant Parker heard this case as well and set bail at $600,000.00. Plaintiff alleges that, in imposing this bail, Defendant Parker denied him access to the courts and the opportunity to defend himself. Plaintiff also alleges that Defendant Parker conspired with Defendant O'Brien to deny him access to the courts when they did not allow him to attend a bond reduction hearing. In sum, Plaintiff alleges that all of the Defendants acted in conspiracy with each other to maliciously allow Plaintiff to be arrested.
Apparently, Plaintiff's liability theory is based on his erroneous interpretation of *1537 his plea agreement. The agreement states in part that Plaintiff was to pay $10,000.00 in restitution by a certain date and that if the money was not paid, the plea was "null and void." Plaintiff argues that this language means that he did not have to pay restitution. A more accurate reading is that Plaintiff had to pay restitution and if he did not, the state was free to prosecute him on the original charges.
Plaintiff seeks punitive and compensatory damages, injunctive relief, and attorney's fees.

STANDARD FOR DISMISSAL
In determining whether to grant a Fed. R.Civ.P. 12(b)(6) motion, the Court primarily considers the allegations in the complaint. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to Plaintiff and its allegations are taken as true. 5 C. Wright and A. Miller, Federal Practice and Procedure § 1357 (1969). A motion to dismiss will be denied unless it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Luckey v. Harris, 860 F.2d 1012, 1016 (11th Cir.1988), reh'g denied en banc, 896 F.2d 479 (11th Cir.1989), and cert. denied, 495 U.S. 957, 110 S.Ct. 2562, 109 L.Ed.2d 744 (1990). The allegations in the complaint must be taken as true for purposes of the motion to dismiss. Id. In the case of a pro se action, moreover, the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (per curiam).
After reading Plaintiff's complaint in a liberal fashion, the Court concludes that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. As previously mentioned, Plaintiff bases much of his cause of action on a misinterpretation of his plea agreement. However, even if his interpretation were correct, this Court would dismiss his claims because Plaintiff has failed to specifically allege a conspiracy and because the Defendants are immune from § 1983 claims for damages and injunctive relief.

CONSPIRACY
In § 1983 civil rights actions, a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir.1984); Kearson v. Southern Bell Telephone & Telegraph Co., 763 F.2d 405, 407 (11th Cir.1985), cert. denied, 474 U.S. 1065, 106 S.Ct. 817, 88 L.Ed.2d 790 (1986). In Slotnick v. Staviskey, 560 F.2d 31 (1st Cir.1977), cert. denied, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978) the court observed that courts insist that plaintiff's state with specificity the facts supporting an allegation of conspiracy in order to control frivolous conspiracy suits under § 1983. The court stated that it "need not conjure up unpleaded facts to support [] conclusory suggestions." Id. at 33. The Eleventh Circuit recently clarified what a § 1983 plaintiff must allege to withstand a motion to dismiss:
To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff "must show that the parties `reached an understanding' to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy." Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2053, 114 L.Ed.2d 459 (1991).
....
[T]he linchpin for conspiracy is agreement, which presupposes communication....
Bailey v. Board of County Comm'rs of Alachua County, 956 F.2d 1112 (11th Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992).
Plaintiff has failed to show that the Defendants reached some sort of understanding. Indeed, according to Plaintiff's allegation, all that the Defendants did was take the usual, required steps to procure an individual's arrest. Plaintiff has failed to describe the nature of the alleged conspiracy, he only claims that one existed. Therefore, Plaintiff's conspiracy allegations are insufficient to state a cause of action and must be dismissed.

*1538 JUDICIAL IMMUNITY
Judges are absolutely immune from § 1983 damage liability for acts committed within their judicial jurisdiction. See McNamara v. Moody, 606 F.2d 621 (5th Cir.1979), cert. denied, 447 U.S. 929, 100 S.Ct. 3028, 65 L.Ed.2d 1124 (1980); Humble v. Foreman, 563 F.2d 780 (5th Cir.), reh'g denied, 566 F.2d 106 (5th Cir.1977) (en banc), and overruled in part by Sparks v. Duval County Ranch Co., Inc., 604 F.2d 976 (5th Cir.1979).[2] Judges enjoy only qualified immunity for administrative functions. See Forrester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (holding that a state judge is not entitled to absolute immunity for the allegedly unconstitutional discharge of a state employee). If a judge's actions are taken pursuant to a judicial function, the judge will not be deprived of immunity even if his actions are in error, malicious, or in excess of his authority. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978).
When Defendant Parker approved the warrant application, set bail, approved the plea agreement, and oversaw the hearings at issue, he was acting pursuant to his judicial functions. Florida Statutes, section 34.13 (1991) states that a county court judge shall issue arrest warrants upon submission of affidavits from the state attorney. Section 903.03(1) provides that county courts have the jurisdiction "to hear and decide all preliminary motions regarding bail...." Thus, the actions Plaintiff alleges Defendant Parker took fall within the judicial function as defined by the relevant state statutes. Defendant Parker's actions cannot be characterized as administrative in nature. Therefore, Defendant Parker is immune from Plaintiff's § 1983 damages claims.
Judges are not immune from § 1983 claims for injunctive relief. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1980-81, 80 L.Ed.2d 565 (1984).[3] To have standing to seek injunctive relief under Article III of the United States Constitution, a plaintiff must meet three requirements. He must demonstrate that he is likely to suffer future injury, that he is likely to suffer such injury at the hands of the defendant, and that the relief he seeks will likely prevent the injury from occurring. Cone Corp. v. Florida Dept. of Transp., 921 F.2d 1190, 1203-04 (11th Cir.) (citations omitted), cert. denied, ___ U.S. ___, 111 S.Ct. 2238, 114 L.Ed.2d 479 (1991).
In O'Shea v. Littleton, 414 U.S. 488, 493-96, 94 S.Ct. 669, 675-76, 38 L.Ed.2d 674, judgment vacated sub nom. Spomer v. Littleton, 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694 (1974),[4] the Supreme Court stated that the first requirement is designed to ensure that a case or controversy exists and that it is not satisfied by "general assertions or inferences" that individuals will be prosecuted in the future for violations of valid laws. Id. at 497, 94 S.Ct. at 677. The O'Shea Court found that plaintiffs challenging alleged discriminatory bail-setting, jury selection, and sentencing had no standing to seek an injunction because they did not show that they were likely to be arrested again and subjected to the same challenged practices. Id. at 498, 94 S.Ct. at 677. Thus, according to O'Shea, a plaintiff must not only show that he will likely be subjected to a future injury, but that he will be subject to the same type of injury as has already occurred.
In the present case, Plaintiff "requests injunctive relief to prevent Defendant Parker from hearing any further actions of *1539 the Plaintiff in both civil and post conviction appeals...." As in O'Shea, Plaintiff has failed to demonstrate that he is likely to be subjected to the same alleged injury. The fact that Plaintiff's alleged injuries occurred in 1988 and have not been repeated suggests there is little chance of the same injury occurring in the future. Thus, because Plaintiff has failed to allege that he will likely suffer a future injury, Plaintiff has no standing to seek an injunction against Defendant Parker.

PROSECUTORIAL IMMUNITY
Prosecutors are absolutely immune from § 1983 damage claims for actions which are "an integral part of the judicial process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). In initiating a prosecution and in presenting the state's case, a prosecutor is immune from a § 1983 damages claim. Id. at 431, 96 S.Ct. at 996. Actions by a prosecutor which are investigative or administrative in nature are subject only to qualified immunity. Fullman v. Graddick, 739 F.2d 553 (1984). The Supreme Court clarified which prosecutorial acts are subject to absolute immunity in Burns v. Reed, ___ U.S. ___, 111 S.Ct. 1934, 1942, 114 L.Ed.2d 547 (1991) where it held that a prosecutor's appearance in court and the presentation of evidence at that hearing are protected by absolute immunity. The Burns Court also held that a prosecutor receives only qualified immunity for rendering legal advice to police officers. Id. at ___, 111 S.Ct. at 1944.
In the instant case, Plaintiff complains of prosecutorial actions which are an integral part of the judicial process. Defendant O'Brien's actions in seeking a warrant for Plaintiff's arrest, including his appearances before Defendant Parker in probable cause hearings, are steps Defendant O'Brien took in initiating a prosecution of Plaintiff for Plaintiff's violation of his probation. Defendant O'Brien was not, as Plaintiff suggests, rendering "advice" to Ms. Coleman when he based the warrant for Plaintiff's arrest on Ms. Coleman's affidavit. Therefore, Defendant O'Brien's actions, including his alleged perjury, are subject to absolute immunity and Plaintiff's claim is dismissed as to Defendant O'Brien. Accordingly, it is
ORDERED that Pamela Coleman is dismissed from this action, and that Defendants Parker and O'Brien's motion to dismiss is granted. The Clerk is directed to close this case.
DONE AND ORDERED.
NOTES
[1] Plaintiff paid the filing fee on February 24, 1993.
[2] Sparks v. Duval County Ranch Co., Inc., 604 F.2d 976 (5th Cir.1979), cert. granted by Dennis v. Sparks, 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775, and cert. denied by Sparks v. Duval County Ranch Co., Inc., 445 U.S. 943, 100 S.Ct. 1339, 63 L.Ed.2d 777, and aff'd, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).
[3] But compare, Sun v. Forrester, 939 F.2d 924 (11th Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1299, 117 L.Ed.2d 521 (1992) ("[a] judge is absolutely immune from suit in performing his judicial responsibilities").
[4] For a complete history of this case, see the following references: Littleton v. Berbling, 468 F.2d 389 (7th Cir.), stay granted, 409 U.S. 1053, 93 S.Ct. 547, 34 L.Ed.2d 507 (1972), and cert. granted sub nom. O'Shea v. Littleton, 411 U.S. 915, 93 S.Ct. 1544, 26 L.Ed.2d 306, and cert. granted sub nom. Spomer v. Littleton, 411 U.S. 915, 93 S.Ct. 1544, 36 L.Ed.2d 306 (1973), and cert. denied, 414 U.S. 1143, 94 S.Ct. 894, 39 L.Ed.2d 97, and judgment rev'd sub nom. O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674, and judgment vacated, 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694 (1974).