United States Court of Appeals,

Eleventh Circuit.

No. 94-8033.

Michael ELDER, Plaintiff-Appellee,

v.

ATHENS-CLARKE COUNTY, GEORGIA, Through Gwen O'LOONEY in her
official capacity as CEO of Athens-Clarke County;  Jerry Massey,
individually and in his official capacity as Sheriff of Athens-
Clarke County;  Linda Lyons, individually and in her official
capacity as Chief Deputy Sheriff of Athens-Clarke County;  Sergeant
Horace Witcher, individually and in his official capacity as Deputy
Sheriff of Athens-Clarke County;  Deputy Bryan Thompson,
individually and in his official capacity as Deputy Sheriff of
Athens-Clarke County;  Deputy Elizabeth Benford, individually and
in her official capacity as Deputy Sheriff of Athens-Clarke County;
Deputy Shannon Westbrook, individually and in his official capacity
as Deputy Sheriff of Athens-Clarke County;  Captain James Brown,
individually and in his official capacity as Deputy Sheriff of
Athens-Clarke County;  John Doe, individually and in official
capacity as Deputy Sheriff of Athens-Clarke County;  Jane Doe,
individually and in official capacity as Deputy Sheriff of Athens-
Clarke County;  Defendants,

Gerald W. Brown, individually and in his official capacity as
Chief Assistant District Attorney for Athens-Clarke County,
Defendant-Appellant.

June 9, 1995.

Appeal from the United States District Court for the Middle
District of Georgia. (No. 3:93-00027-CV-ATH(DF), Duross
Fitzpatrick, Chief Judge.

Before KRAVITCH and BIRCH, Circuit Judges, and GOODWIN[*], Senior
Circuit Judge.

GOODWIN, Senior Circuit Judge:

Elder suffered a severe beating at the hands of his jailers

and sued for damages under 42 U.S.C. § 1983, naming Gerald W.

Brown, a Georgia prosecutor, among other law-enforcement

defendants.  Elder alleged that Brown conspired to maliciously

---

[*]Honorable Alfred T. Goodwin, Senior U.S. Circuit Judge for
the Ninth Circuit, sitting by designation.

prosecute Elder for obstruction of justice in an effort to cover up Elder's beating. Brown moved to dismiss on the basis of prosecutorial immunity. The district court denied the motion and Brown appeals.

We have jurisdiction of an appeal of an interlocutory order denying a motion to dismiss based on immunity from suit. *Nixon v. Fitzgerald,* 457 U.S. 731, 742-743, 102 S.Ct. 2690, 2697-98, 73 L.Ed.2d 349 (1982). We reverse.

A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). In that case the Supreme Court stated that prosecutorial immunity to § 1983 suits is derived from judicial immunity.

In *Dykes v. Hosemann,* 776 F.2d 942, 946 (11th Cir.1985) (en banc) we held that judges having subject matter jurisdiction of a case are immune from damage actions under § 1983 even where the claims are based on charges of conspiracy in their rulings. If calling a judge's allegedly wrongful decision a conspiracy does not strip the judge of absolute immunity, calling a prosecutor's allegedly wrongful decision to prosecute a conspiracy does not strip the prosecutor of absolute immunity. All of our sister circuits that have examined the question agree that the same rule that applies to judges applies to prosecutors acting within the scope of their authority as prosecutors. *See, e.g., Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (en banc) (overruling

earlier cases narrowly applying immunity, and following *Dykes v. Hosemann, supra*).  We hold that the allegation that a challenged official act is part of a conspiracy does not in any manner dilute immunity.

The district court ruled that Brown's alleged misconduct took place prior to the judicial phase of the criminal process, assuming for the purposes of the motion that the prosecutor, in fact, conspired with the jailers to cover up their conduct by filing a diversionary prosecution against this plaintiff.  The district court therefore concluded that only qualified immunity shields Brown in this action;  and because the complaint alleges malicious conduct, qualified immunity offers no protection.

The district court's order does not tell us what Brown did in furtherance of this conspiracy other than to charge Elder improperly.  ER Tab 5, p. 4.  Elder's brief argues that Brown participated in the conspiracy by refusing Elder's request to investigate the alleged beating.  Assuming for the purposes of the motion that Brown did fail to investigate Elder's written complaint of a beating, that fact would not strip Brown of prosecutorial immunity in Elder's action for damages flowing from Brown's decision to initiate Elder's prosecution.

If prosecutorial immunity means anything, it means that prosecutors who take on the thankless task of public prosecution may prosecute, ably or poorly, as the case may be, answerable to the voters, and to disciplinary officers of the courts and of the bar;  but not answerable to every person wrongfully prosecuted who can find a lawyer willing to allege that the prosecutor filed

charges in bad faith, or for evil motives, or as a conspirator. *See, e.g. Stump v. Sparkman,* 435 U.S. 349, 355-356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (immunity of judge authorizing sterilization of unconsenting female as part of a conspiracy to deprive her of future motherhood).

The complaint alleges that "Brown ... attempted to secrete Plaintiffs [sic] injuries from discovery by way of isolation and segregation." ER, Tab 2, p. 8. Brown's role in the alleged misconduct of others in the hiding of evidence is not disclosed by the plaintiff's case. Accordingly, we need not reach the question whether a prosecutor would have the protection of immunity if facts were alleged, and proof offered, of prosecutorial hiding of evidence, or other misconduct, while acting outside the scope of his prosecutorial authority. Because the essence of Elder's complaint is an alleged cover-up by way of malicious prosecution, and not a cover-up by way of off-duty misconduct outside the scope of his prosecutorial duties, we limit our review to the case made by the pleadings and motion papers. On this record, it was error to deny Gerald W. Brown, prosecuting attorney, the immunity which *Imbler v. Pachtman* extends to prosecutors as well as to judges. As to Brown, the case should have been dismissed.

REVERSED.