PUBLISH

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

--------------------------------------------

## No. 96-5354

--------------------------------------------

### D. C. Docket No. 95-6732-CV-WDF

MIGUEL FLORES,

Plaintiff-Appellee,

versus

MICHAEL J. SATZ, SUZANNE M. WHITE, et al.,

Defendants-Appellants.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------------------------------------------------

(March 23, 1998)

Before EDMONDSON and BIRCH, Circuit Judges, and FAY, Senior Circuit Judge.

## PER CURIAM:

Defendants appeal the district court's denial of a motion to dismiss Plaintiff's claims on the basis of qualified immunity.

We conclude that Defendants are entitled to immunity and reverse.

## The State Criminal Proceedings

On 2 August 1991, the Broward County Sheriff's Office received a report that a crime was committed. The complaining witness identified Miguel Flores as the perpetrator of the alleged crime. Flores was -- based on the allegations of the complaining witness -- then arrested, charged with capital sexual battery, and incarcerated.

On 30 August 1991, a state court denied bond and ordered a psychological evaluation of the complaining witness. But, upon a motion by the prosecution, the state court later canceled the evaluation. Trial was then scheduled for 21 November 1991. On that date, however, a newly-assigned prosecutor requested a continuance because the case had just

been re-assigned to him within the state attorney's office. The request for a continuance was granted.

On 20 February 1992, Flores's counsel filed a motion to compel, in which he sought disclosure of the medical and psychological records of the complaining witness, as well as police reports that related to the witness's physical or psychological well-being. At a hearing on this motion, the prosecutor agreed to provide the materials requested to the defense and also agreed to supervised pretrial release for Flores. The prosecutor further announced that the State would be seeking its own psychiatric evaluation of the complaining witness. On 4 April 1992, the State announced that it was entering a nolle prosse of the charges against Flores.

## The Civil Proceedings in Federal Court

Based on these events, Flores, as Plaintiff, filed a complaint against Defendants[1] for these allegedly wrongful acts: (1) violation of his Fourth Amendment right to be free from unreasonable seizure; and (2) violation of his Fourteenth Amendment right to due process. In response, Defendants claimed that they were entitled to qualified immunity for claims against them in their individual capacities and moved to dismiss the complaint. A Magistrate Judge (Magistrate), however, denied Defendants' motion on this point.[2] In rejecting Defendants' argument, the Magistrate stated that "the extent of any qualified immunity defense in a civil rights action

---

[1]Defendants included these people: (1) Richard Giuffreda, Assistant State Attorney (ASA); (2) Leslie Robson, ASA; (3) Michael Satz, Broward County State Attorney; (4) Brian Trehay, ASA; (5) Suzanne White, ASA; (6) Lee Seidman; (7) Alan Schreiber, Broward County Public Defender; and (8) Jose Reyes, Public Defender.

[2]Plaintiff also made other charges in the complaint: (1) false arrest; (2) false imprisonment; (3) violation of privacy rights; (4) negligence; and (5) legal malpractice. The Magistrate, however, dismissed these claims. That portion of the Magistrate's decision is not challenged on appeal.

is dependent on the circumstances and motivation of defendants' actions as established by the evidence."  The district court affirmed the Magistrate's report in its entirety.  Defendants appeal.[3]

## Discussion

Defendants argue that the district court erroneously determined that they were entitled to no qualified immunity.  This court reviews a district court's denial of a motion to dismiss a complaint on the basis of qualified immunity de novo.  Williams v. Alabama State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997).   "[Q]ualified immunity protects government officials performing discretionary functions from the burdens of civil trials and from liability."  McMillian v. Johnson, 88 F.3d 1554,

---

[3]Only Giuffreda, Robson, Satz, Trehay, and White are parties to this appeal.

1562 (footnote omitted), <u>amended on other grounds</u>, 101 F.3d

1363 (11th Cir. 1996).  In <u>Foy v. Holston</u>, we wrote:

> Once the qualified immunity defense is raised, plaintiffs bear the burden of showing that the federal rights allegedly violated were clearly established. . . . This burden is not easily discharged: "That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their <u>individual</u> <u>capacities</u>."  Plaintiffs cannot carry their burden of proving the law to be clearly established by stating constitutional rights in general terms.

94 F.3d 1528, 1532 (11th Cir. 1996) (quoting <u>Lassiter v. Alabama</u>

<u>A & M Univ.</u>, 28 F.3d 1146, 1149 (11th Cir. 1994)).  Instead, for

qualified immunity to be denied, "'pre-existing law must dictate,

that is, truly compel . . . the conclusion for every like-situated,

reasonable government agent that what defendant is doing

violates federal law **in the circumstances**.'"[4] McMillian, 88 F.3d

at 1562 (quoting Lassiter, 28 F.3d at 1150).

In this case, Plaintiff claims that qualified immunity should

be denied for these reasons: (1) Defendants failed to investigate

---

[4]It appears the Magistrate (and the district court by approving and adopting the Magistrate's report) applied the wrong legal standard in making the qualified immunity determination. The Magistrate would not accept qualified immunity; he said that it was "dependent on the circumstances and motivation of defendants' actions as established by the evidence." But, we have "rejected the inquiry into [an official's] state of mind in favor of a wholly objective standard." Foy, 94 F.3d at 1532 (internal quotations and citation omitted). A party's intent and motivation are not significant in making a qualified immunity determination unless "subjective motive or intent is a critical element of the alleged constitutional violation . . . ." Walker v. Schwalbe, 112 F.3d 1127, 1132 (11th Cir. 1997).

Plaintiff's Fourth Amendment and Brady claims do not contain a subjective component. See Graham v. Connor, 490 U.S. 386, 399 (1989) ("Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances, and subjective concepts like 'malice' and 'sadism' have no proper place in that inquiry."); Brady v. Maryland, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." (emphasis added)); United States v. Schlei, 122 F.3d 944, 988 (11th Cir. 1997) (no intent element is among the elements of a Brady claim).

properly the complaining witness's credibility and mental stability and also delayed Plaintiff's prosecution by frequently reassigning his case, which caused him to be unlawfully seized (that is, delayed his release) in violation of the Fourth Amendment; and (2) the prosecution failed to disclose discovery materials in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), which resulted in a denial of due process.[5]

Plaintiff's arguments do not persuade us. That the prosecution did not investigate properly or prosecute expeditiously the charges against him does not violate clearly established constitutional rights.[6] The cases cited by Plaintiff

_____

[5]Plaintiff did not allege that Defendants violated his right to a speedy trial because of the delay in prosecuting his case. And, we observe that the delay would not have been a per se violation of Plaintiff's right to a speedy trial. <u>See</u> <u>generally</u> <u>United States v. Hayes</u>, 40 F.3d 362, 365-66 (11th Cir. 1994) (discussing the four-part test for determining whether a person's right to a speedy trial has been violated; holding that five-year delay between indictment and trial was not violation of right to a speedy trial).

[6]While not argued on appeal, we note that Defendants are probably entitled to absolute immunity as prosecutors. <u>See</u> <u>Elder v. Athens-</u>

involve materially different facts[7] and, moreover, are not controlling in this circuit. **See** **<u>Jenkins v. Talladega City Bd. of Educ.</u>**, 115 F.3d 821, 826-27 n.4 (11th Cir. 1997) (en banc) ("In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme

---

**<u>Clarke County, Ga.</u>**, 54 F.3d 694, 695 (11th Cir. 1995) ("A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983.").

[7]Plaintiff cites two cases in which the courts concluded that a section 1983 claim may be actionable if government officials intentionally conceal -- as opposed to fail to investigate fully -- the true facts about the crime at issue. **See** **<u>Bell v. City of Milwaukee</u>**, 746 F.2d 1205, 1260-1262 (7th Cir. 1984); **<u>Ryland v. Shapiro</u>**, 708 F.2d 967, 974-975 (5th Cir. 1983). Plaintiff, however, alleged only that the Defendants failed to investigate fully the charges against him. He did not allege that Defendants intentionally concealed facts about the crime at issue here.

In addition, Plaintiff cites a case in which a court held that a section 1983 claim may be actionable if the police detain a person beyond a time when they know him to be, in fact, innocent. **See** **<u>Gay v. Wall</u>**, 761 F.2d 175 (4th Cir. 1985). But again, Plaintiff alleged only that Defendants held Plaintiff for a time when they "knew or should have known" that there was <u>insufficient evidence</u> to warrant prosecution. Never did he allege that Defendants knew Plaintiff was, in fact, innocent of the charges against him.

9

Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." (citation omitted)).

In addition, despite Plaintiff's claims, he has not shown that Defendants violated a clearly established right under Brady.  "Brady protects an accused's due process right to a fair trial."  McMillian, 88 F.3d at 1567.  And, due process is violated when a defendant is convicted in a trial in which the prosecution failed to disclose to the defense exculpatory or impeachment evidence that undermines confidence in the outcome of the trial.  See Brady, 373 U.S. at 87; United States v. Newton, 44 F.3d 913, 918 (11th Cir. 1994) ("The Brady rule protects a defendant from erroneous conviction . . . ."); see also United States v. Bailey, 123 F.3d 1381, 1398 (11th Cir. 1997) (no Brady violation because no exculpatory evidence that would "have affected [defendant's] conviction").  Plaintiff, however, was never convicted and, therefore, did not suffer the effects of an unfair trial.  As such, the facts of this case do not implicate

the protections of <u>Brady</u>.[8]  <u>See</u> <u>United States v. McKinney</u>, 758 F.2d 1036, 1049 (5th Cir. 1985) (the court cannot reverse a conviction under <u>Brady</u> "unless a fundamentally unfair trial resulted"); <u>see</u> <u>also</u> <u>United States v. O'Keefe</u>, 128 F.3d 885, 898 (5th Cir. 1997) (So long as the evidence is disclosed "at trial in time for it to be put to effective use, a new trial will not be granted 'simply because [the <u>Brady</u> evidence] was not disclosed as early as it might have and, indeed, should have been.'" (quoting <u>McKinney</u>, 758 F.2d at 1050)).

Thus, Plaintiff has failed to show that Defendants violated clearly established constitutional rights.   Defendants are

---

[8]We also note that Plaintiff's complaint might not allege a <u>Brady</u> violation for another reason.  In his complaint, Plaintiff merely alleged that Defendants failed to provide him with <u>discovery</u>, such as medical and police reports.  But, Plaintiff did not allege how -- and to what extent -- these reports would be <u>exculpatory</u>.  And, <u>Brady</u> is "'not a discovery rule, but a rule of fairness and minimum prosecutorial obligation.'"  <u>United States v. Campagnuolo</u>, 592 F.2d 852, 859 (5th Cir. 1979) (quoting <u>United States v. Beasley</u>, 576 F.2d 626, 630 (5th Cir. 1978)).  As a result, an attempt to have <u>Brady</u> encompass discovery materials, in general, must be unavailing.

entitled to qualified immunity.  The order of the district court is reversed.

REVERSED.