[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13075
Non-Argument Calendar

_____

D. C. Docket No. 06-00966-CV-CAM-1

ANDREW MITSCHELL,

Plaintiff-Appellant,

versus

JAMES DONALD,
Commissioner for the Georgia Department of
Corrections,
WILLIAM F. AMIDEO,
General Counsel for the Georgia Department of
Corrections,
JOHN DOE,
Director of Inmate Affairs for the Georgia
Department of Corrections,
YOLANDA K. JOHNSON,
MS. THOMAS,
Inmate Legal Advisor for the Georgia Department of
Corrections,
MS. MITCHELL,
Inmate Legal Advisor for the Georgia Department of
Corrections,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 12, 2007)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Andrew Mitschell, a state prisoner proceeding <u>pro se</u>, appeals the district court's order denying without prejudice his civil rights claim pursuant to 28 U.S.C. § 1915A. After review, we affirm.

## I.  BACKGROUND

Mitschell is currently serving a thirty-year state sentence for aggravated child molestation, cruelty to children, interference with custody, and simple battery.

On March 27, 2006, Mitschell filed a complaint under 42 U.S.C. §§ 1983, 1985, and 1986, seeking immediate release from prison and monetary damages against several defendants employed by the Georgia Department of Corrections. Mitschell's § 1983 complaint alleged that he is falsely imprisoned and serving an unlawful sentence in violation of the Fourth Amendment; that he was actually

2

sentenced to thirty years' probation but "some person" altered his conviction and changed his sentence from probation to imprisonment; and that the defendants conspired against him and knowingly contributed to his false imprisonment, in violation of §§ 1985(3) and 1986, which caused him emotional distress as well as mental pain and suffering.[1]  Mitschell's complaint thus necessarily implies the invalidity of his state convictions and sentences.

The district court dismissed Mitschell's complaint pursuant to § 1915A and as barred under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) and Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973).  The district court concluded that, under Heck, Mitschell was not entitled to money damages because he failed to allege any facts showing that his imprisonment sentence was successfully vacated.  As to Mitschell's request for immediate release, the district court noted that under Preiser, Mitschell should bring this claim "through a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, not a civil suit brought pursuant to 42 U.S.C. § 1983."  Because it was in the "realm of possibility" that Mitschell could still file a timely habeas corpus petition, the district court

---

[1]Mitschell also raised claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.  However, he did not raise these issues on appeal and accordingly, they are deemed abandoned.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

3

dismissed Mitschell's complaint without prejudice. Mitschell now appeals.[2]

## II. DISCUSSION

Under § 1915A, the district court shall review, as soon as possible, a prisoner's complaint in a civil action against a government entity. The district court must then dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b).

Although Mitschell's complaint asserted multiple grounds for relief, he essentially raised nothing more than a § 1983 civil rights action for false imprisonment. In a § 1983 suit for false imprisonment, a plaintiff must first show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87, 114 S. Ct. at 2372. If such a suit is brought prior to invalidation of the challenged conviction or sentence, the suit must be dismissed. Id. at 487, 114 S. Ct. at 2372.

We conclude that Mitschell's § 1983 action for money damages is barred by

_____

[2]This Court reviews de novo an appeal from a § 1915A sua sponte dismissal for failure to state a claim. See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001). On appeal, Mitschell raises for the first time claims of kidnaping, cruel and unusual punishment, and double jeopardy. We decline to consider these arguments because "arguments not presented in the district court will not be considered for the first time on appeal." Sterling Fin. Inv. Group, Inc. v. Hammer, 393 F.3d 1223, 1226 (11th Cir. 2004) (quotation marks and citation omitted).

<u>Heck</u>. First, as noted by the district court, Mitschell has not demonstrated that his imprisonment sentence was invalidated or called into question by any court prior to his filing of his civil complaint. <u>See</u> <u>id.</u> at 486-87, 114 S. Ct. at 2372. Because Mitschell's claim necessarily implies that his imprisonment is invalid, Mitschell has failed to state a cognizable § 1983 claim under <u>Heck</u>. The district court properly dismissed his complaint pursuant to § 1915A.

Further, the district court correctly concluded that Mitschell's attempt to use § 1983 to obtain immediate release from prison was improper. Mitschell's argument that he should be released from prison and placed on probation attacks the duration of his prison sentence, not the conditions of his confinement. <u>See</u> <u>Nelson v. Campbell</u>, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004) (stating that claims challenging the fact of conviction "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983"); <u>Preiser</u>, 411 U.S. at 500, 93 S. Ct. at 1841 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole federal remedy is a writ of habeas corpus."). Accordingly, the district court did not err in dismissing Mitschell's action without prejudice, and we affirm.

**AFFIRMED.**