[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11253
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 30, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00547-CV-J-25TEM

ORVEL WINSTON LLOYD,

Plaintiff-Appellant,

versus

JUDGE ROBERT FOSTER,
sued in his individual capacity,
GRANVILLE BURGESS,
sued in his individual capacity,
DARREN GARDNER,
sued in his individual capacity,
DEBIE HARRISON,
sued in her individual capacity,
CHIEF JAILER KING,
sued in his individual capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 30, 2008)**

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Orvel Winston Lloyd, a state prisoner proceeding pro se, appeals the district court's judgment dismissing his civil rights action under 42 U.S.C. §§ 1983 and 1985 and denying his motions for default and summary judgment. Lloyd contends that the district court erred by (1) granting the motions to dismiss filed by assistant state attorneys Granville Burgess and Darren C. Gardner, Judge Robert Foster, and the State of Florida based on prosecutorial, judicial, and Eleventh Amendment immunities, respectively; (2) denying his motions for summary judgment before Burgess, Gardner, Judge Foster, and the State of Florida offered responses; (3) dismissing his complaint against jail administrator Richard King for failure to exhaust available administrative remedies; (4) denying his motion for default judgment against his former defense counsel Craig Williams and sua sponte dismissing parole officer Debbie Harrison from the action based on improper service of process; and (5) denying his motion for recusal. We affirm the judgment of the district court as to asserted error numbers (1) through (4) above. We dismiss for lack of jurisdiction asserted error number (5).

2

# I. BACKGROUND

[This case arises out of the events preceding Lloyd's conviction for cocaine possession, which we describe more fully in Lloyd v. Card, No. 07-14711 (11th Cir. May 12, 2008). In Card Lloyd's complaint asserted claims against the Nassau County Sheriff, several deputies, an assistant state attorney, federal agents, and his former defense counsel. Id. at 3-4. This time, Lloyd's claims target two assistant state attorneys, a state court judge, a parole officer, a Nassau County jail administrator, a different former defense counsel, and the State of Florida. Lloyd also directs an argument toward the district court judge.

# II. DISCUSSION

We review pro se pleadings liberally, holding them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). However, the courts will not act as de facto counsel for pro se parties. See GJR Invs., Inc. v. County of Escambia,132 F.3d 1359, 1369 (11th Cir. 1998).

Section 1983 provides a civil cause of action for "a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or

3

laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th

Cir. 1995) (citing 42 U.S.C. § 1983).

A.

We "review de novo a district court's dismissal under

[Fed.R.Civ.P.] 12(b)(6) for failure to state a claim, accepting the allegations in the

complaint as true and construing them in the light most favorable to the plaintiff."

Behrens v. Regier, 422 F.3d 1255, 1259 (11th Cir. 2005) (internal quotation marks

omitted). The Supreme Court has noted that a complaint challenged pursuant to

Rule 12(b)(6) "does not need detailed factual allegations," but:

> a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007)

(citations, brackets, and footnote omitted); see also Jackson v. BellSouth

Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to

dismiss, plaintiffs must do more than merely state legal conclusions; they are

required to allege some specific factual bases for those conclusions or face

dismissal of their claims."). Moreover, "[c]onclusory allegations, unwarranted

deductions of facts or legal conclusions masquerading as facts will not prevent

dismissal." Jackson, 372 F.3d at 1262 (internal quotation marks omitted). A court may "dismiss a complaint on a dispositive issue of law." Day v. Taylor, 400 F.3d 1272, 1275 (11th Cir. 2005).

### 1. Prosecutorial Immunity

Lloyd contends that the district court erred when it granted Assistant State Attorneys Burgess and Gardner immunity because they were not state officials by oath when they initiated his prosecution and thus should be considered private citizens not entitled to immunity. Lloyd argues that Burgess was not authorized to sign the information used in Lloyd's criminal prosecution when it was issued in 2002 and, as a result, wrongfully prosecuted him "in clear absence of all jurisdiction." In support of this argument, Lloyd offers a 2006 document in which the State Attorney for Florida's Fourth Judicial Circuit designates a group of assistant state attorneys, Burgess among them, to sign informations. Finally, Lloyd argues that Burgess and Gardner conspired to prosecute him on a bogus charge and arranged to have a fraudulent search warrant issued to raid his house, where evidence was planted. Burgess and Gardner maintain that prosecutorial immunity bars Lloyd's suit against them.

"[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v.

5

Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 995 (1976). A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate, including "the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). Indeed, a prosecutor is absolutely immune to suits for money damages unless the acts or omissions giving rise to the plaintiff's claim are outside the "scope and territorial jurisdiction of his office." Elder v. Athens-Clarke County, Ga., 54 F.3d 694, 695 (11th Cir. 1995). To determine whether a prosecutor's challenged actions fall within his role as advocate, courts must examine the function and nature of the act, not merely the official title of the actor who performed it. Buckley v. Fitzsimmons, 509 U.S. 259, 269, 113 S. Ct. 2606, 2613 (1993).

Florida Statute § 27.181(2) states:

Each assistant state attorney appointed by a state attorney shall have all of the powers and discharge all of the duties of the state attorney appointing him or her, under the direction of that state attorney. No such assistant state attorney may sign informations unless specifically designated to do so by the state attorney. He or she shall sign indictments, informations, and other official documents, as assistant state attorney, and, when so signed, such indictments, informations, and documents shall have the same force and effect as if signed by the state attorney.

6

Fla. Stat. § 27.181(2). There is nothing in the record to support Lloyd's claim that Burgess and Gardner were not state officials "by oath." Although the 2006 document Lloyd presented does raise questions about whether Burgess had been "specifically designated" to sign informations in 2002 as required by Florida law, it does not prove that he lacked that authority. Nothing in the statutory language requires a written designation, and nothing in the record demonstrates that the necessary designation had not been given in another format. In any event, the formal designation of Burgess to sign informations does not alter the scope of his office and functions as a prosecutor. Even if we assume that Burgess signed an information that he should not have, that would not strip him of immunity. See, e.g., Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir. 2002) ("[I]t is clear that, even if [a prosecutor] knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so.").

Moreover, Lloyd brought claims against Burgess in Card similar to those he asserts here, and either did or could have included this claim. See No. 07-14711, slip op. at 12 (finding Burgess absolutely immune). Either way, the doctrine of res judicata also bars this claim. See Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999); NAACP v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990).

7

Lloyd attacks actions of Burgess and Gardner other than the filing of the information. Those other actions clearly occurred during the initiation and pursuit of a criminal prosecution. Because neither Burgess nor Gardner acted outside the scope of an assistant state attorney's office and duties, the district court correctly found that the doctrine of prosecutorial immunity bars Lloyd's suit against them.

## 2. Judicial Immunity

Lloyd contends that the district court erred when it granted Judge Foster immunity because the facts and evidence showed that the judge "committed criminal acts." Lloyd asserts specifically that Judge Foster conspired to conceal and plant evidence and to deny hearings. Further, he argues that Judge Foster allowed Burgess, an "imposter," to charge and convict Lloyd of the nonexistent Florida crime of fleeing and attempting to elude a police officer. The district court granted summary judgment to Judge Foster based on absolute judicial immunity.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991). A judge is entitled to absolute immunity for any acts that are within the function of the judicial office and loses immunity only if the claimed acts are wholly outside his jurisdiction as a judge. See Stump v. Sparkman, 435 U.S. 349, 356-57, 362, 98 S. Ct. 1099, 1105, 1107 (1978) ("A judge will not be deprived of

8

immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." (internal quotation marks omitted)); Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). In applying this rule, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356, 98 S. Ct. at 1105. Noting that a judge acting "in excess" of his jurisdiction is still entitled to judicial immunity, the Supreme Court gave the following example:

> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Id. at 356 n.7, 98 S. Ct. at 1105 n.7.

Lloyd offers no support for his claims that Judge Foster concealed and planted evidence. As for denying motions, that task is obviously within the scope of judicial duties. And since the Supreme Court has clarified that convicting a defendant of a nonexistent crime, while not ideal, does not abrogate judicial immunity, that part of Lloyd's argument fails as well. Because Judge Foster was acting in his judicial capacity and not in clear absence of jurisdiction, the district

9

court correctly concluded that judicial immunity prohibits Lloyd's claims against him.

### 3. Eleventh Amendment Immunity

Lloyd also contends that the district court erred when it granted the State of Florida's motion to dismiss because the state waived its immunity against federal suit when it did not respond to Lloyd's summary judgment motion. There is no basis for Lloyd's argument. The law is to the contrary. Calderon v. Ashmus, 523 U.S. 740, 745 n.2, 118 S.Ct. 1694, 1697 n.2 (1998) (noting that "the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power, and therefore can be raised at any stage of the proceedings"); Edelman v. Jordan, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363 (1974) (stating that "the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court").

Because the district court correctly found that Burgess, Gardner, Judge Foster, and the State of Florida were all entitled to immunity, we affirm the district court's judgments granting each party's motion to dismiss.

B.

Our conclusion that the district court properly dismissed Lloyd's claims against Burgess, Gardner, Judge Foster, and the State of Florida moots his argument that they were not entitled to summary judgment.

C.

Lloyd contends that the district court improperly granted jail administrator King's motion to dismiss based upon the court's determination that Lloyd had failed to exhaust his administrative remedies before filing suit. To support his position, Lloyd argues for the first time on appeal that he (1) was unable to exhaust his administrative remedies because the sheriff did not provide jail inmates with any grievance procedures or remedies; (2) attempted to exhaust his remedies with the warden at his next prison, but the warden failed to contact the jail; and (3) was not required to exhaust his administrative remedies because exhaustion would have been futile.

"Issues raised for the first time in this Court are generally not considered because the district court did not have the opportunity to consider them." Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001) (internal quotation marks omitted) (declining to consider pro se prisoner's new arguments on appeal); see also Onishea v. Hopper, 171 F.3d 1289, 1305 (11th Cir. 1999). While we do have

11

discretion to consider new arguments in certain circumstances, see Leal, 254 F.3d at 1280, we decline to exercise it in this case. Further, "[i]ssues not briefed on appeal, even by a pro se litigant, are deemed abandoned." Holder v. Nicholson, No. 07-14561, slip op. at 11 (11th Cir. July 23, 2008) (citing Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002)); see also Mitschell v. Donald, 213 F. App'x 920, 922 n.1 (11th Cir. 2007). Because each of the arguments Lloyd offers on this issue either was not timely raised or was abandoned, we affirm the district court's judgment granting King's motion to dismiss.

D.

Lloyd contends that the district court erred when it denied his motion for default judgment against his former defense attorney Williams and dismissed his claims against Williams based on improper service of process. This is so because, according to Lloyd, there was a reasonable possibility that he ultimately would perfect service upon Williams—despite his implication that Williams made mail service nearly impossible by purposefully avoiding it. Lloyd also argues that the district court erred when it dismissed sua sponte parole officer Harrison from the lawsuit based on his failure to serve her. We review for abuse of discretion a district court's dismissal without prejudice of a plaintiff's complaint for failure to

12

timely serve a summons and complaint.  Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1280 (11th Cir. 2007).

Rule 4 of the Federal Rules of Civil Procedure provides that "the plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)."  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) states that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).  It is true that a plaintiff may request by mail that a defendant waive service of summons.  Fed. R. Civ. P. 4(d)(1).  If the defendant, without good cause, does not comply with the request for waiver, the court must impose upon the defendant the costs and expenses later incurred in making the service.  Fed. R. Civ. P. 4(d)(2).  The Advisory Committee Notes to Rule 4 clarify, however, that such communications are requests "for waiver of formal service" and are not service itself.  See Fed. R. Civ. P. 4 advisory committee's note (1993 amends.).  A plaintiff cannot actually perfect service by mail without the affirmative cooperation of the defendant.  Id.

The district court found that Lloyd had failed to provide documents reflecting proper service of process upon Williams and Harrison.  We agree.  Although Lloyd

13

submitted an undated certified mail receipt showing that someone signed for the package he sent to Williams' law office, that person was not Williams. More importantly, Lloyd offered no evidence that Williams agreed to waive formal service and accept service by mail. Lloyd similarly furnished nothing to show that he had served Harrison. The district court, having advised Lloyd when he paid his filing fee that it would dismiss any defendants he failed to serve within the allotted timeframe, was well within its discretion to carry out that promise. Lloyd did not demonstrate good cause for this failure, and despite his conclusory statements otherwise, the record does not suggest that either Williams or Harrison avoided service intentionally. Because Lloyd neither personally served nor secured a waiver of service from either Williams or Harrison, we affirm the district court's judgment dismissing his claims against them.

E.

Finally, Lloyd contends that District Judge Adams erred when he denied the motion for recusal included within Lloyd's post-decision Motion for Relief From Judgment or Order. We must evaluate <u>sua sponte</u> our own appellate jurisdiction, even if the parties have not challenged it. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001).

14

According to Rule 3 of the Federal Rules of Appellate Procedure, a notice of appeal must contain (1) the party taking the appeal; (2) the judgment, order, or part thereof being appealed; and (3) the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). We liberally allow appeals from orders not expressly designated in the notice of appeal, at least where those orders were entered prior to or contemporaneously with the ones properly designated. McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986). However, we held in McDougald that a notice of appeal could not establish an intent to appeal from an order that had not yet been entered when the notice of appeal was filed. Id. (noting that reviewing the merits of a post-notice order, which the appellee would not have been aware he needed to brief, would prejudice the appellee). We since have clarified that "Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed." Bogle v. Orange County Bd. of County Comm'rs, 162 F.3d 653, 661 (11th Cir. 1998).

Lloyd submitted his notice of appeal to prison authorities on March 17, 2008, sixteen days before the district court entered its order denying his motion for recusal on April 2, 2008. He thereafter failed to amend his notice of appeal to include that order. Under our precedent Lloyd's notice of appeal could not cover

15

an order that was not yet in existence at the time he filed that notice. We therefore lack jurisdiction to review the merits of the district court's order denying Lloyd's motion for recusal and will dismiss Lloyd's appeal of that order.

## III. CONCLUSION

We DISMISS Lloyd's appeal from the district court's order denying his motion for recusal. We AFFIRM the district court's judgment in all other respects.

**AFFIRMED IN PART, DISMISSED IN PART.**