William VAN POYCK, # 034071, Plaintiff–Appellant,

v.

Harry K. SINGLETARY, Jr., T.L. Barton, Simeon N. Cerdan, Gale P. Christy, Paul Decker, Roger Guthrie, Defendants–Appellees.

Nos. 91–3834, 91–4042.

United States Court of Appeals, Eleventh Circuit.

Jan. 12, 1994.

Kenneth S. Siegel, Tampa, FL, for plaintiff-appellant.

William H. McLean, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, FL, for defendants-appellees.

Before DUBINA and CARNES, Circuit Judges and MORGAN, Senior Circuit Judge.

PER CURIAM:

Appellant, a state prison inmate, filed a civil rights complaint alleging an unconstitutional deprivation of his right to meaningful access to the courts. We must decide whether we have jurisdiction over Appellant's appeal and whether the district court abused its discretion in denying Appellant's several motions. We AFFIRM in part and VACATE and REMAND in part.

BACKGROUND

The appellant, William Van Poyck, is a death row inmate in the Florida state prison system. Van Poyck filed a *pro se* complaint on June 8, 1990 against various officials of the Florida state prison system ("prison officials"). The complaint alleged that he and his fellow inmates were being denied their constitutionally protected right to meaningful access to the courts.

In August 1990, Van Poyck moved for appointment of counsel, for a preliminary injunction, and to amend his complaint. The district court accepted Van Poyck's second amended complaint, but denied his other motions. In June 1991, Van Poyck moved for class certification, renewed his motion for appointment of counsel, and moved to strike the prison officials affirmative defenses.

In its order of July 29, 1991, the district court summarily denied each of these motions, as well as Van Poyck's second motion for a preliminary injunction. That order also mandated that:

> Plaintiff shall file a third amended complaint to address how *his* constitutional rights were violated by the Defendants' actions. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it 'Third Amended Complaint.' The amended complaint must include all of Plaintiff's claims in this action; it should not refer to the original complaint.

(emphasis in original). On August 8, 1991, Van Poyck timely filed his first notice of appeal to this court. In full, that notice of appeal read:

Notice is hereby given that plaintiff William Van Poyck hereby takes and enters an appeal to the U.S. Court of Appeals, Eleventh Circuit, appealing this court's *ORDER,* dated July 29, 1991, wherein this Court denied plaintiff's "Second Motion For Preliminary Injunction." This appeal is filed pursuant to Title 28, U.S.C., § 1292(a)(1), and Rules 3 and 4, F.R.A.P. All portions of this July 29, 1991, order will be necessarily reviewed on appeal.

On August 28, 1991, the district court entered an order construing Van Poyck's first notice of appeal as follows:

On August 8, 1991, Plaintiff filed a Notice of Appeal. This case has not been dismissed. Therefore, the Notice of Appeal is construed as an interlocutory appeal of the Court's order of July 29, 1991.... The court's order ... is appealable under 28 U.S.C. § 1292(a)(1). Accordingly, Plaintiff is entitled to appeal ... and this appeal is taken in good faith only with respect to the denial of the motion for preliminary injunction.

The district court again ordered Van Poyck to file a third amended complaint. When Van Poyck did not respond to the court's order, the district court entered a show cause order as to why his case should not be dismissed. Again, Van Poyck did not respond and on October 18, 1991, the district court dismissed Van Poyck's case without prejudice. On October 30, 1991, Van Poyck filed his second notice of appeal. This pleading stated:

Notice is hereby given that plaintiff *William Van Poyck* hereby takes and enters an appeal to the U.S. Court of Appeals, Eleventh Circuit, appealing this courts *Order of Dismissal,* dated October 18, 1991, and entered in this cause.

## ISSUES ON APPEAL

I. Does this court have jurisdiction to consider Van Poyck's appeal of the district court's denial of his motions for appointment of counsel, for class certification, to strike the appellees' affirmative defenses, and for a preliminary injunction?

II. Did the district court abuse its discretion in denying Van Poyck's motions for appointment of counsel, for class certification, to strike the appellees' affirmative defenses, and for a preliminary injunction?

## STANDARD OF REVIEW

■ Whether this court has jurisdiction to hear Van Poyck's appeal is a question of law subject to *de novo* review. *See, Hoye v. Sullivan,* 985 F.2d 990, 992 (9th Cir.1993). However, we review the district court's denial of Van Poyck's various motions for an abuse of discretion. *Pittman v. Secretary, Florida Department of Health and Rehabilitative Services,* 998 F.2d 887, 889 (11th Cir. 1993).

## DISCUSSION

■ The prison officials challenge this court's jurisdiction to hear Van Poyck's appeal. Generally, an order dismissing a complaint is not final and appealable unless the order holds that it dismisses the entire action or that the complaint cannot be saved by amendment. *Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL–CIO,* 724 F.2d 1552, 1554–55 (11th Cir.1984). In *Czeremcha,* the court noted that after a complaint has been dismissed with leave to amend, the plaintiff "has the choice of either pursuing a permissive right to amend ... or of treating the order as a final [order] and filing for appeal." *Id.* at 1554. However, the plaintiff need not wait until the time for amendment expires; he can waive the right to later amend, treat the dismissal as final, and file a notice of appeal before the expiration of the amendment period. *Schuurman v. Motor Vessel "Betty K V",* 798 F.2d 442, 445 (11th Cir.1986). Similarly, *Briehler v. City of Miami,* 926 F.2d 1001 (11th Cir.1991), allows a litigant to appeal from a dismissal with leave to amend as if that dismissal were final.

■ Van Poyck argues that he elected not to amend his second complaint, but rather to treat the district court's order of July 29, 1991, as a final order and to challenge that entire order. Although the district court directed that Van Poyck "shall file a third amended complaint," we see no reason to

treat this case differently than one involving a permissive right to amend. A plaintiff who declines to amend his complaint after being so directed by the court is in the same position as one who declines to exercise his permissive right to amend. In either situation, if the plaintiff does not file an amendment, there is nothing left for the district court to do and the court's order of dismissal becomes final. *See Briehler,* 926 F.2d at 1002. Therefore, we hold that Van Poyck was entitled to treat the July 29 order as a final order and bring an appeal before this court.

■ The prison officials contend that Van Poyck's first notice of appeal, filed on August 8, 1991, was properly construed by the district court as an interlocutory appeal of the denial of Van Poyck's motion for preliminary injunction and is now moot in light of the subsequent dismissal of the entire case. The first notice of appeal specifically states that Van Poyck will appeal *"all portions"* of the July 29 order. However, the prison officials argue that this notice should be read as interlocutory because Van Poyck mentions only 28 U.S.C. § 1292(a)(1), the interlocutory appeal statute.

Contrary to the prison officials' reading of the notice, Van Poyck explicitly declared an intent to appeal "all portions" of the district court's order. It would be unreasonable to ignore a *pro se* litigant's plain statement of intent merely because he misunderstood which code provision to cite. This is particularly true when, as in this case, the *pro se* inmate's very complaint is denial of legal materials and assistance necessary to meaningful access to the courts.

■ Since the first appeal was not interlocutory, the district court's denial of a preliminary injunction is not moot and unreviewable. Unfortunately, the record is devoid of any indication as to whether the district court considered the merits of Van Poyck's claim and, thus, whether this court should consider the merits. The district court offered no rationale for its summary denial of Van Poyck's motion for a preliminary injunction. Both parties offer unpersuasive arguments as to whether the district court actually considered the merits of Van Poyck's injunction motion. We decide that the denial of the preliminary injunction should be vacated and remanded to the district court to allow the district court to further develop the facts and rationale explaining its summary denial of Van Poyck's motion. In addition, we vacate that part of the district court's order that requires Van Poyck to file a third amended complaint. After the district court hears Van Poyck's motion for a preliminary injunction, the district court may reconsider the necessity of a new complaint.

The prison officials also construe Van Poyck's second notice of appeal, filed on October 30, 1991, as an appeal of the district court's July 29 order. The prison officials argue that Van Poyck failed to file his second notice of appeal within thirty days of the district court's order as required by Fed. R.App.P. 4. Since we treat Van Poyck's first notice of appeal as an appeal from a final order, Van Poyck's second notice of appeal is wholly irrelevant to this court's jurisdiction. Further, Van Poyck's first notice of appeal divested the district court of jurisdiction over all issues.

For all of the foregoing reasons, we VACATE the denial of Van Poyck's motion for a preliminary injunction and the requirement that Van Poyck file a third amended complaint, and REMAND to the district court. All other issues on appeal are AFFIRMED.