[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13366
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cv-00156-RS-CAS

LENNIE FULWOOD,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS, et al.,

Defendants,

CHARLES E. SAMUELS, JR.,
Regional Director,
WARDEN,
ASSISTANT WARDEN,
WAGNER,
Lt.,
ARNOLD,
Counselor, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 9, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Lennie Fulwood, a federal prisoner proceeding pro se, appeals the district court's dismissal of his amended complaint against various prison officials, alleging violations under the First Amendment and the Eighth Amendment. Fulwood's complaint was brought under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On appeal, Fulwood argues that: (1) his fourth amended complaint set forth sufficient facts against all defendants to support a claim of a conspiracy to retaliate against him for filing grievances, and against some defendants to support a "cruel and unusual punishment" claim; and (2) venue should have been changed because the magistrate judge and the district court revealed a clear bias in favor of protecting the interests of government employees. After careful review, we affirm.[1]

---

[1]    As an initial matter, we are required to review our jurisdiction sua sponte. Frulla v. CRA Holdings, Inc., 543 F.3d 1247, 1250 (11th Cir. 2008). We review de novo whether we have jurisdiction to hear an appeal. Van Poyck v. Singletary, 11 F.3d 146, 148 (11th Cir. 1994).

Appellate jurisdiction generally is limited to final decisions of the district courts. 28 U.S.C. § 1291. An order that adjudicates fewer than all claims against all parties typically is not final and appealable absent certification by the district court under Rule 54(b). Supreme Fuels Trading FZE v. Sargeant, 689 F.3d 1244, 1246 (11th Cir. 2012); Fed.R.Civ.P. 54(b). Nevertheless, where an order dismisses a complaint with leave to amend within a specified period, the order becomes final, and therefore appealable, when the time period allowed for amendment expires. Briehler v. City of Miami, 926 F.2d 1001, 1002 (11th Cir. 1991). If a plaintiff chooses to file an appeal rather than amend the complaint, the plaintiff does not need to wait until the expiration of the period allowed for amendment. Id. at 1003. In so doing, however, the plaintiff waives the right to later amend. Id. A plaintiff who does not amend his complaint after being so directed by the court is in the same position as one who declines to exercise his permissive right to amend. Van Poyck, 11 F.3d at 148-49. In either situation, if the plaintiff does not file an amendment, the district court has nothing left to do and the court's order of dismissal becomes final. Id. Finally, a premature notice of appeal is valid if filed from an order dismissing a claim or party and followed by a subsequent final judgment without a new notice of appeal being filed. Robinson v. Tanner, 798 F.2d 1378, 1385 (11th Cir. 1986).

Here, Fulwood's First Amendment claims against two defendants were pending when he filed his notice of appeal, which generally would preclude finality. See Supreme Fuels, 689 F.3d at 1246. However, Fulwood did not file an amendment and instead filed a notice of appeal, so there was nothing left for the district court to do. Van Poyck, 11 F.3d at 149. Moreover, Fulwood's premature notice of

We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A, viewing the allegations in the complaint as true. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). We will disturb a district court's refusal to change venue only for clear abuse of discretion. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 255 (11th Cir. 1996).

First, we reject Fulwood's argument that his complaint properly stated claims for relief. In Bivens, the Supreme Court recognized an implied cause of action for damages against federal officials based on the violation of a federal constitutional right. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). A prisoner's complaints seeking the redress of grievances is speech constitutionally protected by the First Amendment. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). To prove a First Amendment retaliation claim, an inmate must show that (1) his speech was constitutionally protected, (2) he suffered an adverse action that would likely deter a person of ordinary firmness from engaging in such speech, and (3) a causal relationship between the retaliatory action and the protected speech existed. Id. However, an inmate has no liberty interest in a particular classification, prison assignment, or transfer, even if he experiences more burdensome conditions than before. McKune v. Lile, 536 U.S. 24, 39 (2002) (rejecting inmate challenge to expected demotion in custodial status classification).

Supervisory officials are not liable through respondeat superior or vicarious liability for the unconstitutional acts of subordinates. Gonzalez v. Reno, 325 F.3d 1228,

---

appeal was cured by the court's later order dismissing all the claims in the fourth amended complaint, which allows him to obtain review of the ruling on his fourth amended complaint. Robinson, 798 F.2d at 1385. Accordingly, we have jurisdiction.

1234 (11th Cir. 2003).  Rather, a supervisor may be liable under <u>Bivens</u> if "a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff . . . and his conduct was causally related to the constitutional violation committed by his subordinate."  <u>Greason v. Kemp</u>, 891 F.2d 829, 836 (11th Cir.1990).  A causal connection may arise when a "history of widespread abuse" puts a responsible supervisor on notice of the need to correct an alleged deprivation, but he fails to; when a supervisor's improper custom or policy results in deliberate indifference to constitutional rights; or when facts suggest that a supervisor orders his subordinates to act unlawfully or knows they will act unlawfully and fails to stop them.  <u>Gonzalez</u>, 325 F.3d at 1234-35.

A district court must dismiss any civil complaint in which a prisoner seeks redress from a governmental entity, officer, or employee if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a), (b)(1).  In civil rights and conspiracy actions, conclusory, vague and general allegations may justify the complaint's dismissal.  <u>Kearson v. Southern Bell Tel. & Tel. Co.</u>, 763 F.2d 405, 407 (11th Cir. 1985). It is not enough to simply aver that a conspiracy existed.  <u>Fullman v. Graddick</u>, 739 F.2d 553, 557 (11th Cir. 1984).  A plaintiff must instead show that the parties reached an understanding to deny the plaintiff his rights.  <u>Bendiburg v. Dempsey</u>, 909 F.2d 463, 468 (11th Cir. 1990). The linchpin for conspiracy is agreement, which presupposes communication.  <u>Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.</u>, 956 F.2d 1112, 1122 (11th Cir. 1992).

4

Here, Fulwood did not allege facts showing a pattern of widespread abuse that placed the supervisory officials on notice of any constitutional deprivations; that their customs or policies resulted in deliberate indifference to constitutional rights; or that they ordered their subordinates to act unlawfully or knew they would act unlawfully and failed to stop them.  As a result, the supervisory defendants are not liable for any alleged unconstitutional acts of subordinates, and the district court properly dismissed the supervisory-liability claims against Regional Director Charles E. Samuels, Jr., Acting Director Thomas Kane, former Warden W.T. Taylor, Assistant Warden Pedronia, and Unit Manager Henson.

Fulwood's retaliation claims were also properly dismissed.  As for Assistant Warden Pedronia, Fulwood did not allege facts to support his assertion of a causal relationship between Pedronia's actions and interference with Fulwood's filing of grievances.  As for Unit Manager Henson,  Fulwood argues on appeal that Henson denied him grievance forms, but he did not allege this in his fourth amended complaint.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (noting that this Court will not consider an issue not raised in the district court and raised for the first time in an appeal).  Further, despite what he argues to us now, he alleged in his complaint that "staff" denied him access to the law library, not that Henson in particular did.  Nor did he allege facts to support his assertion of a causal relationship between Henson's actions and interference with Fulwood's filing of grievances.  As for Lieutenant Wagner, Fulwood did not allege in his complaint that Wagner was responsible for placing him in the special housing unit ("SHU"), or that he was responsible for the conditions of the

5

SHU.  Further, Wagner's moving Fulwood to a particular cell or packing Fulwood's things did not amount to constitutional violations because an inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate experiences more burdensome conditions than before.  Fulwood's complaint also alleged no facts showing that his filing of grievances caused Wagner to file incident reports against him.

Moreover, Fulwood presented no facts to support that the remaining defendants -- the un-named dentist and Nurse Perkins -- were part of a retaliation conspiracy against him.  As for a potential Eighth Amendment claim against them due to their deliberate indifference to Fulwood's medical needs, the district court instructed Fulwood to bring a separate cause of action because this was a separate and distinct claim that did not involve the First Amendment claims against Counselor Arnold or Case Manager Pritt. The court noted that, while a plaintiff may join as many related claims as he has against one defendant, he may not join in the same action every claim against every prison official.  Parties may be dropped by order of the court of its own initiative at any stage of the action.  Fed.R.Civ.P. 21.  The district court, therefore, properly dismissed the claims against the dentist and Nurse Perkins.

Other than the actions of Counselor Arnold and Case Manager Pritt -- which the district court gave Fulwood an opportunity to address in a fifth amended complaint that Fulwood chose not to pursue -- Fulwood has not alleged specific facts showing that any other defendant obstructed his grievance process.   Fulwood's conclusory, vague and general statements that various defendants participated in creating a hostile environment,

6

obstructed the grievance process, helped to label him a "trouble maker," or attempted to provoke him, without specific facts to support those statements, are not sufficient to support a Bivens conspiracy, because he did not allege facts showing that the defendants reached an understanding to deny him his rights. Bendiburg, 909 F.2d at 468. He failed to provide any support for the allegations set forth in his complaint in regards to a conspiracy among any defendants. As a final note, Fulwood did not raise any arguments as to Counselor Arnold or Case Manager Pritt and therefore has abandoned any claims against them. See Access Now, 385 F.3d at 1331.

Finally, we are unpersuaded by Fulwood's claim that venue should have been changed. Fulwood's complaints about the district court all arise from adverse rulings or findings and the way the court labeled correspondence addressed to him. None of the court's rulings or findings, nor its failure to label correspondence to Fulwood as legal correspondence, rose to the level of showing pervasive bias or prejudice against him. Accordingly, the court's conclusion that he failed to allege sufficient facts to support a claim of bias that would warrant a transfer of the case to another district or circuit was not a clear abuse of discretion.

**AFFIRMED.**