[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13253
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-00349-TPB-TGW


ELSAYED A. ELNENAEY,

Plaintiff-Appellant,


versus


FIDELITY MANAGEMENT TRUST COMPANY, INC.,
FIDELITY INVESTMENTS INSTITUTIONAL SERVICES
COMPANY, INC.,
FMR LLC,
MERVAT OSMAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 7, 2020)

Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Elsayed Elnenaey, a plaintiff proceeding *pro se*, appeals the district court's order adopting the magistrate judge's report and recommendation dismissing his first-amended complaint brought under 29 U.S.C. § 1132 and 18 U.S.C. §§ 1961-68. The district court dismissed Elnenaey's claims against Mervat Osman for lack of jurisdiction, and dismissed with leave to amend the complaint against the corporate defendants. Elnenaey asserts the district court erred when it dismissed his complaint against Osman by applying the *Rooker-Feldman* doctrine[1] because he did not attempt to invalidate the Nevada divorce decree, but instead sought to recover damages stemming from fraud before, during, and after the divorce proceeding. Additionally, he purports to raise issues regarding the district court's dismissal of his claims against the corporate defendants, the denial of his *ex parte* motion for a preliminary injunction, the necessity of proceeding against all defendants in one action, whether local counsel should comply with a subpoena to test Osman's forum contacts, and our denial of his motion to proceed *in forma pauperis*. Lastly, he contends we should appoint him counsel under the Non-

---

[1] Established in *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

Criminal Justice Act Counsel Appointments provision.  After review, we affirm the district court.

## I.  DISCUSSION

*A*.  Rooker-Feldman

Application of *Rooker-Feldman* is a threshold jurisdictional matter.  *Brown v. R.J. Reynolds Tobacco Co*., 611 F.3d 1324, 1330 (11th Cir. 2010).  We review the district court's application of the *Rooker-Feldman* doctrine *de novo*.  *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1069-70 (11th Cir. 2013).  However, we review a district court's findings of jurisdictional fact for clear error.  *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279-80 (11th Cir. 2009).

Alone among the federal courts, only the Supreme Court may exercise appellate authority to reverse or modify a state-court judgment.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005).  Accordingly, under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review the final judgment of a state court.  *Lozman*, 713 F.3d at 1072.  However, in delineating the boundaries of *Rooker-Feldman*, the Supreme Court has clarified the doctrine is narrow in scope, and only applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

3

rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284; *see also Lozman*, 713 F.3d at 1072 ("We determine the applicability of *Rooker-Feldman* by adhering to [this] language in *Exxon Mobil . . . .*" (quotations omitted)).

The district court did not err in dismissing Elnenaey's claims against Osman because they are barred by the *Rooker-Feldman* doctrine.  If Elnenaey were to succeed in his claims it would effectively nullify the state court judgment because he would be awarded, at a minimum, the full amount Osman was awarded of his pension benefits.  He seeks damages in excess of the amount she was awarded, but that does not change the fact that any award based upon her allegedly improper receipt of his pension benefits would render the portion of the divorce decree regarding the pension effectively void.  His claim can only succeed if he proves the Nevada court erred in awarding Osman the pension benefits.  The district court did not err in dismissing the action due to lack of subject-matter jurisdiction.  *See id.*

B.  *Issues Waived on Appeal*

We do not review an issue that a party does not prominently raise on appeal. *Sapuppo v. Allstate Floridian Ins. Co.,* 739 F.3d 678, 680 (11th Cir. 2014).  A passing reference to the issue in the party's brief is not enough, and the failure to make arguments and cite authorities in support of the issue waives it.  *Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1211 (11th Cir. 2015).  We apply this waiver standard against *pro se* parties.  *Id.*  Also, we deem arguments

4

raised for the first time on appeal waived. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994).

On appeal, Elnenaey did not provide arguments as to why the dismissal of his claims against the corporate defendants was improper.[2] Additionally, he offered no arguments as to why—absent a motion for reconsideration—this Court should reconsider its denial of his motion to proceed *in forma pauperis*. Elnenaey did not argue why it was an error for the court to deny his *ex parte* motion for preliminary injunction. Moreover, his argument regarding the claims being inseparable making it necessary to proceed against all defendants in one action did not provide any legal authority or analysis. Because these issues purportedly raised on appeal were not argued more than in passing reference and without citation to authority, they have been waived on appeal. *See Sapuppo*, 739 F.3d at 680. Lastly, Elnenaey did not raise the local counsel argument before the district court, so it has also been waived. *See Walker*, 10 F.3d at 1572.

---

[2] We note the district court dismissed the claims against the corporate defendants without prejudice with leave to amend by August 30, 2019. Elnenaey elected to pursue an appeal on August 21, 2019, before the time to amend expired, thus waiving his right to amend the complaint. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260-61 (11th Cir. 2006) (explaining when a complaint is involuntarily dismissed without prejudice with leave to amend, and the plaintiff elects to pursue an appeal before the time to amend expires rather than amend the complaint, the plaintiff waives his right to amend, thereby rendering the dismissal order final and appealable), *Van Poyck v. Singletary*, 11 F.3d 146, 148 (11th Cir. 1994) (same).

## II.  CONCLUSION

The district court did not err in dismissing Elnenaey's claims against Osman because they were barred by the *Rooker-Feldman* doctrine.  Further, the other issues Elnenaey purports to raise on appeal have been waived due to lack of argument and authority or his failure to raise them before the district court.  Lastly, as we are affirming the district court, we need not consider appointing Elnenaey counsel for future proceedings.

**AFFIRMED.**