Gautam v. Barr

BIA
Christensen, IJ
A202 079 024

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty.

PRESENT:
>        DEBRA ANN LIVINGSTON,
>                *Chief Judge,*
>        DENNY CHIN,
>        SUSAN L. CARNEY,
>                *Circuit Judges.*

_____

TILAK NATH GAUTAM,
>        *Petitioner,*

>        v.                                            18-1749
>                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney General; Kiley Kane, Paul

Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tilak Nath Gautam, a native and citizen of Nepal, seeks review of a May 21, 2018, decision of the BIA affirming a June 14, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tilak Nath Gautam,* No. A202 079 024 (B.I.A. May 21, 2018), *aff'g* No. A202 079 024 (Immig. Ct. N.Y. City June 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

## I. Internal Relocation

It is undisputed that Gautam established past persecution in Nepal on account of his membership in the Nepali Congress Party ("NCP"). Accordingly, he benefits from a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). However, the Government may rebut this presumption if a preponderance of the evidence shows he can safely and reasonably relocate within the country of removal. 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii); *see Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). In deciding whether internal relocation is reasonable, an IJ "consider[s] . . . whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3).

Substantial evidence supports the agency's conclusion that Gautam could reasonably avoid future persecution by relocating within Nepal because he previously relocated

without experiencing any harm. Gautam testified that, in 2005, members of the Nepal Communist Party-Maoist ("Maoists") kidnapped him from his home in Baglung and beat him until he was unconscious because he refused to join their political party and was active in a student organization affiliated with the NCP. After the attack, Gautam went into hiding by moving to Pokhara, which was three hours from Baglung by car. Maoists called Gautam at the hotel where he worked in Pokhara and threatened him, but they did not physically harm him during the seven years that he lived there. While in Pokhara, Gautam officially joined the NCP and continued his political activities. In 2013, after he returned to Baglung, Maoists again beat him until he was unconscious. Gautam went into hiding in Kathmandu in December 2013, leaving Nepal in March 2014 upon learning that Maoists had discovered his location.

The agency reasonably determined that although Gautam received telephonic threats during his time in Pokhara, there was no indication that he was at risk for continued harm if he relocated there or to Kathmandu. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). There is

4

no evidence that Gautam ever encountered Maoists during the seven years he lived in Pokhara, even though they knew his location and in spite of his political activism while living there. Further, there is no evidence that Gautam encountered Maoists in the four months that he lived in Kathmandu before departing for the United States, notwithstanding his claim that they had discovered his location. Given Gautam's previous ability to live, work, and actively support the NCP in other parts of Nepal, and the lack of evidence that his persecutors were actively looking for him in those areas, the preponderance of the evidence supports the agency's determination that he could internally relocate.

## II. Humanitarian Asylum

If an asylum applicant can show either "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution" or that he faces "other serious harm" upon his return, an IJ may grant humanitarian asylum in the absence of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1)(iii)(A), (B). A grant of humanitarian asylum based on severe past persecution "is reserved for atrocious forms of persecution," *Kone v. Holder*, 596 F.3d 141, 152 (2d Cir. 2010) (quotation

5

marks and citation omitted), and an applicant must demonstrate both "severe harm" and "long-lasting physical or mental effects of his persecution," *Jalloh v. Gonzales*, 498 F.3d 148, 151–52 (2d Cir. 2007) (quotation marks and citation omitted).

Gautam's argument that the severity of his past persecution qualifies him for humanitarian asylum fails. First, Gautam's alleged past persecution, which consisted of beatings on two occasions, was not sufficiently severe to justify humanitarian asylum. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 182, 184 (2d Cir. 2006) (upholding denial of humanitarian asylum to petitioner who was beaten and harassed on six occasions). Second, Gautam has not claimed continuing effects of his past persecution. *See Jalloh*, 498 F.3d at 151–52. Gautam also asserts that he will suffer "other serious harm," *i.e.*, death, if he returns to Nepal. But, as explained above, substantial evidence supports the agency's conclusion that he will not be harmed if he relocates internally. That conclusion applies with equal force to his argument about "other serious harm."

**III. CAT Relief**

Contrary to Gautam's position, because his CAT claim

6

rested on the same factual basis as his claims for asylum and withholding of removal, the agency's determination that he could safely relocate is dispositive of his CAT claim as well. *See Lecaj*, 616 F.3d at 119-20 (holding that applicant who fails to establish fear of harm required for asylum "necessarily" fails to meet higher standard for withholding of removal and CAT relief). Gautam's argument that *Ramsameachire v. Ashcroft*, 357 F.3d 169, 184-85 (2d Cir. 2004), requires the agency to independently analyze his CAT claim is misplaced. We clarified in *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006), that a CAT claim may fail if its factual basis is the same as that of a rejected asylum claim. The agency's conclusion that Gautam can evade future persecution by Maoists by relocating within Nepal is also fatal to a claim that he will be tortured by those same Maoists if he returns to Nepal. *See Lecaj*, 616 F.3d at 119-20; *Paul*, 444 F.3d at 156-57.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

7