19-2878
Singh-Bassi v. Garland

BIA
Poczter, IJ
A208 563 304

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of May, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

JAGDEEP SINGH-BASSI, AKA JAGDEEP SINGH, AKA SOHNA THAPA, AKA SONU SINGH,
> *Petitioner*,

v.                                           19-2878
                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

---

FOR PETITIONER:          Mike Singh Sethi, Sethi Law
                         Group, Orange, CA.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:**     Joseph H. Hunt, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jagdeep Singh-Bassi, a native and citizen of India, seeks review of an August 14, 2019, decision of the BIA affirming a February 5, 2018, decision of an Immigration Judge ("IJ") denying Singh-Bassi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jagdeep Singh-Bassi*, No. A208 563 304 (B.I.A. Aug. 14, 2019), *aff'g* No. A208 563 304 (Immig. Ct. N.Y.C. Feb. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's determination that Singh-Bassi was not credible as to his claim that members of the Akali Dal Badal Party ("Badal Party") twice attacked him in India on account of his work for a rival party, the Shiromani Akali Dal (Amritsar) Party headed by Simranjit Singh Mann ("Mann Party").

The agency reasonably relied on Singh-Bassi's inconsistent evidence regarding when and how many people attacked him, where he received medical treatment, whether he reported his second attack to police, and whether Badal members continued to visit his home after he left India. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Singh-Bassi did not compellingly explain any of these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably found Singh-Bassi's credibility impugned by his submission of affidavits allegedly prepared by his father, his uncle, and a village official that contained strikingly similar language. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir.

4

2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are canned." (internal quotation marks omitted)). The agency also reasonably relied on Singh-Bassi's unawareness of Khalistan, which is a hypothetical independent Sikh state that is a central goal of the Mann Party and which was mentioned throughout his supporting documents. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (recognizing that there are circumstances when "the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding").

Having questioned Singh-Bassi's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Other than the affidavits and doctor's certificate that the agency

5

reasonably declined to credit due to striking similarities and inconsistencies, Singh-Bassi submitted a letter from the Mann Party and country conditions evidence, none of which corroborated his alleged attacks.

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6