Liu v. Garland

BIA
Nelson, IJ
A201 117 960

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-two.

PRESENT:
GUIDO CALABRESI,
MICHAEL H. PARK,
ALISON J. NATHAN,
*Circuit Judges.*

_____

JINGQUAN LIU,
*Petitioner,*

v.                                                21-6080
                                                  NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Mary Jane

Candaux, Assistant Director; Nicole J. Thomas-Dorris, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jingquan Liu, a native and citizen of the People's Republic of China, seeks review of a January 26, 2021, decision of the BIA affirming a November 14, 2018, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jingquan Liu*, No. A201 117 960 (B.I.A. Jan. 26, 2021), *aff'g* No. A201 117 960 (Immig. Ct. N.Y. City Nov. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C.

§ 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord*

3

*Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the adverse credibility determination given the IJ's demeanor finding and issues with Liu's corroborating evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ is permitted to rely on demeanor in assessing credibility.  *Id.*  We afford "particular deference" to the IJ's demeanor finding because the IJ is "in the best position to evaluate whether . . . testimony suggest[s] a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."  *Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (quotation marks omitted).  We find no reason not to defer here as the IJ explained that she had the impression Liu was testifying from a script and displaying insincere emotion, and she issued her decision at the close of the testimony.  *Id.* (deferring to IJ's "impression that [petitioner] was not testifying from actual experience" (quotation marks and brackets omitted)); *cf. Su Chun Hu v. Holder*, 579 F.3d 155, 158–59 (2d Cir. 2009) (per curiam) (holding that same deference is not due to a demeanor finding issued years after the testimony).

The IJ's findings related to Liu's corroboration also

4

support the adverse credibility determination. "An IJ is fully entitled to make findings concerning the authenticity of submitted evidence, based on her own examination and her professional analysis. Such findings will ordinarily merit deference." *Niang v. Mukasey*, 511 F.3d 138, 146 (2d Cir. 2007). The IJ reasonably determined that the matching pictures on Liu's driver's license and medical record, called into question the authenticity of that evidence and Liu's overall credibility. *See Zaman v. Mukasey*, 514 F.3d 233, 239 (2d Cir. 2008) (per curiam) (upholding IJ's conclusion that document was fraudulent "based on the similarity between . . . two photos" and IJ's reliance on that "conclusion to call into question the other aspects of . . . testimony"). These concerns were compounded by Liu's testimony that his sister in Fujian Province mailed the documents to him, while the envelope they came in included a return address in Taiwan. The IJ did not err in concluding that these documents undermined Liu's credibility because the medical record was material to Liu's claim that he was injured while detained for attending an underground church. *Id.; see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false

document or a single instance of false testimony may . . . infect the balance of the [applicant's] uncorroborated or unauthenticated evidence.").

These findings provide substantial evidence in support of the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Siewe*, 480 F.3d at 170. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court